LUTHER PRESTON *v.* AMARETTA L. PRESTON.

*Stat.* 1870, *Nos.* 27 *and* 28.    *Jurisdiction.    Practice.    Divorce. Decree.*

Nos. 27 and 28 of the acts of the legislature for 1870 only confer jurisdiction on the county court in cases thereinafter instituted by libel for divorce or for the annulling of marriages, and to that extent, and not beyond, the jurisdiction is taken from the supreme court.

Matters that had their inception in the supreme court by original libel, and in which the supreme court was authorized to make orders on petition after the passing of the decree of divorce or nullity, still continue exclusively within the jurisdiction of the supreme court.

PETITION to annul the decree of the supreme court for Orange county, at the March term thereof, 1871, giving the custody of

the child of the parties in said petition named to said A. L. Preston, mother of said child, upon her petition for a divorce from the said Luther Preston, and to restore the custody of the child to the petitioner. The petitionee herein moved to dismiss said petition for want of jurisdiction of this court over the subject matter of said petition.

The court, December term, 1871, PECK, J., presiding, *pro forma* sustained said motion, and dismissed the petition for want of jurisdiction in the county court, to which the petitioner excepted.

*C. W. Clarke*, for the petitioner.

*S. M. Gleason*, for the petitionee.

The opinion of the court was delivered by

BARRETT, J. The jurisdiction of the supreme and the county court respectively in matters of annulling marriages, and of divorce, is conferred and defined in Gen. Stats., ch. 70, and Nos. 27 and 28 of the laws of 1870. By the General Statutes the entire and exclusive jurisdiction was in the supreme court. By the acts of 1870 jurisdiction is conferred on the county court. But it is to be noticed that it is only in cases thereafter instituted by libel for divorce, or for the annulling of marriage ; and to that extent, and not beyond, jurisdiction is taken from the supreme court. In matters within the jurisdiction of the supreme court prior to the act of 1870, the county court is not vested by that act with jurisdiction, except only where such matters have their inception in the county court by original libel in that court. Matters that had their inception in the supreme court by original libel, and in which the supreme court was authorized to make orders on petition after the passing of the decree of divorce or nullity, still continued within the jurisdiction of the supreme court exclusively ; and for the very plain reason that the act of 1870 does not in terms nor in effect either withdraw such matters from that jurisdiction, or make provision for such matters to be administered by the county court.

There would seem to be eminent propriety in leaving the subject just as it is left by the statutes, thus enabling each court to

judge as to the propriety of revising and changing orders made by itself, having in view both what appeared on the original hearing, and what may be shown on the application for review and change of the order. It is true that a supreme court, to which such application may be made, may have on its bench none of the judges who participated in making the original order. The likelihood is the other way, and that, with the obvious keeping and consistency of the thing, warrants us in saying that there is eminent propriety in leaving the subject just as it is.

The judgment of the county court is affirmed.